DUKE POWER CO. ET AL. *v.* GREENWOOD COUNTY ET AL.

No. 32. Argued November 10, 1936. Decided December 14, 1936.

*Messrs. W. S. O'B. Robinson, Jr.,* and *Newton D. Baker,* with whom *Messrs. R. T. Jackson, W. R. Perkins, H. J. Haynsworth, J. H. Marion,* and *W. B. McGuire, Jr.,* were on the brief, for petitioners.

*Messrs. W. H. Nicholson* and *D. W. Robinson, Jr.,* for Greenwood County et al., respondents.

*Mr. Jerome N. Frank* and *Solicitor General Reed,* with whom *Attorney General Cummings, Assistant Attorney General Morris,* and *Messrs. Alexander Holtzoff, John W. Scott, Edward H. Foley, Jr., Robert E. Sher,* and *William J. Dempsey* were on the brief, for Harold L. Ickes, Federal Emergency Administrator of Public Works, respondent.

PER CURIAM.

This case presents irregularities in practice which we think should not be overlooked.

The suit was brought by electric utility corporations to restrain the defendants, Greenwood County, South Carolina, and its officials, from constructing and operating a local electric power plant and from issuing bonds and making contracts for that purpose. Harold L. Ickes, as Federal Emergency Administrator of Public Works, was permitted to intervene. He filed an answer showing an agreement dated December 8, 1934 (after the commencement of the suit) between the Government and Greenwood County for the making of a loan by the Government to aid the County in financing its project upon stated terms and conditions. By amended and supplemental bill, plaintiffs challenged the constitutional authority of the Federal Government to make the loan. Defendants' motion to dismiss for want of equity was denied. 10 F. Supp. 854. Defendants answered, evidence was taken and a final decree was entered permanently enjoining defendants from carrying out the contract of December 8, 1934, and the defendant Ickes from advancing to the County, and the County from receiving, any federal funds in furtherance of the project. 12 F. Supp. 70. Defendants appealed to the Circuit Court of Appeals.

Appellant Ickes informed the appellate court that, since the taking of the appeal, the contract of December 8, 1934, had been terminated and a new agreement substi-

tuted, and that the terms and conditions of the earlier contract, which had been held by the District Court to be in excess of the authority of the County, had been eliminated. Mr. Ickes asked that the cause be remanded to the District Court, with leave to the parties to amend their pleadings in accordance with the facts "and for a trial or other disposition of the cause on such amended pleadings." The Circuit Court of Appeals heard argument upon that motion and made the following order:

"The above entitled cause coming on to be heard on the motion of Harold L. Ickes, Federal Emergency Administrator of Public Works, one of the appellants, that the said cause be remanded to the District Court for the Western District of South Carolina to the end that that court may reconsider its decision in the light of the contract entered into between the United States and the County of Greenwood, South Carolina, dated November 30, 1935:

"It is ordered that said cause be remanded to the said District Court to the end that that court may reconsider its decision in the light of the said contract and may take such further action as may be appropriate in the premises.

"The court below is requested to hear the cause thus remanded with all convenient dispatch and to certify his findings of fact and conclusions of law to this court as soon as possible, to the end that the cause may be heard by this court upon appeal on the first Monday in January 1936 in accordance with the agreement of counsel this day made in open court to the effect that they would press for a speedy hearing of the cause and docket the appeal from the decision of the court below for hearing on the date aforesaid without reference to the rules regulating appeals, filing and printing of briefs, etc."

The order was ambiguous. While without a vacatur of the final decree the District Court could not reconsider the cause and determine it anew, the Circuit Court of Appeals

did not in terms vacate the decree. In consequence the order was not understood either by the parties or by the District Court, and the subsequent proceedings were extraordinary. The pleadings were not amended. The District Court was in doubt as to the extent to which testimony should be taken. Counsel for defendant Ickes took the position that they should not be limited to proof of the new contract, but should be permitted to have "a rehearing of the issues raised by the pleadings in this case filed prior to the entry of the final decree in so far as those issues concern the power policy of the Administrator." They added that there was not time "to file supplemental pleadings, as would be done were this case to proceed in the usual course." Plaintiffs' counsel insisted that as the term at which the original decree was entered had expired, there could be no rehearing and accordingly objected to the reception of evidence. They further objected to any evidence not relating to new matter which had arisen since the original decree. The District Court stated that it would take all the evidence offered, but subject to plaintiffs' objections, reserving its ruling as to admissibility. Evidence was then taken. Mr. Ickes was examined and cross-examined. Plaintiffs moved to strike out statements made by him relating to matters not arising since the decree. At plaintiffs' instance, a press release of the Public Works Administration was placed in the record as a part of the cross-examination. A letter from the Deputy Administrator of the bureau was introduced by plaintiffs subject to defendants' objection. This paper was deemed by the court to be irrelevant "to any issue presented by the order remanding the case" and was placed in the record to show plaintiffs' offer of proof "in event that the Court of Appeals should rule that defendants are entitled to a rehearing of the original issues which were passed upon and determined by the final decree heretofore entered in this case." A book entitled

"Back to Work," published by Mr. Ickes, was offered by defendants and admitted subject to plaintiffs' objections. Greenwood County, and its finance board, offered witnesses and resolutions to show the action taken by the County.

Defendants then moved that the record on appeal be supplemented by adding all the testimony "offered, heard or excluded by the court," together with the exhibits. The motion was granted. Defendants further moved that their answers "be taken as amended and supplemented in accordance with the above mentioned proof and evidence." That motion was denied. Defendants then moved that the answers of the defendant "be taken as supplemented and/or amended by adding thereto the contract of November 30, 1935," between the United States and Greenwood County. That motion was also denied.

The court filed its decision entitled "Report to Circuit Court of Appeals of findings of fact and conclusions of law pursuant to order of remand." The court recited the proceedings and in particular adverted to the fact that plaintiffs' counsel prior to the introduction of testimony had stated that the only pleadings and issues before the court were the pleadings and issues "prior to the entry of the final decree," that no supplemental pleadings had been filed, and that defendants' counsel had admitted that the issues were those "formed by the present pleadings, and that under the terms of the order of remand there was not time to file supplemental pleadings." The court said that it was pursuant to that understanding that the testimony had been heard. After reciting the final motions of the parties and its rulings, the court explained that it had overruled the motion to amend the pleadings because the court thought that it did not come "within the scope of the order" and that it had no right "to allow an amendment under the status of this case, and, particularly, that it would be an abuse of discretion

for the amendment to come now." Ruling on the testimony, the court held "that all evidence relating to the formal execution of the new contract, and the contract itself as admitted in evidence, has been properly admitted under the terms of the order of the Circuit Court of Appeals" but that for the reasons stated "the oral evidence of Mr. Ickes, and documentary evidence relating to other matters such as rates and purposes and policies of the Administration, are incompetent, and must be excluded from consideration. The only documentary evidence admissible is such as related to the execution of the new contract, and authority therefor."

The court then made findings of fact the first of which embraced the statement: "No motion was made in the trial court after the filing of the final decree and prior to the end of the term when the Court had lost jurisdiction, nor has any since been made before it to reopen the case because of after-discovered evidence, or because of a change of the law, or because of its overlooking any material point of law or fact." Following its findings of fact as to the new contract, the court presented its views of the "legal issues," saying: "As thorough an investigation of the authorities as has been possible under the circumstances since the order of remand was issued, taken in connection with considerable previous investigation on the issues involved, has convinced me that the law does not permit a reopening of the evidence in this case as to the aims and purposes of the Public Works Administration, nor as to the reasonableness of the rates charged by plaintiffs, as to the adequacy of plaintiffs' service, and other issues about which evidence was taken, and which were fully determined upon that evidence, at the former trial. Furthermore, the promptness required for the rehearing by this Court, and its determination, indicates conclusively to my mind that the Circuit Court of Appeals did not intend by its order that the pleadings should be amended and the evidence reopened to allow the pres-

entation and consideration of any facts other than the force and effect of the new contract, and to what extent, if any, its provisions might require a reversal or modification of my former determinations." After citing authorities and referring to the proceedings at the former hearing the court said: "To permit the excluded testimony of Secretary Ickes would not only reopen the trial of all issues regarding rates, reasonableness of service, and the policies of the Public Works Administration, but would be in contradiction of the Government's own witness, and this after the lapse of several months after he was advised of the general result of the decision and his counsel was advised of all the details of the trial."

The District Court then set forth its conclusion of law that the substitution of the new contract did not call for a modification of its former conclusions. The court added that it was its judgment that if the excluded testimony at the last hearing should have been admitted, "it would be insufficient, as a matter of law, to furnish a basis for any modification of my former conclusions of law"; that "whatever might be the purposes, policies, and practices of the Public Works Administration in reference to competitors, in financing the instant enterprise the result to the plaintiffs would be the same" and that the lower rates which the enterprise might be able to charge because of Government aid through its loan and grant "would effectively establish a 'yardstick' or rate of charge which plaintiffs must inevitably meet, or have their business *pro tanto* destroyed."

The climax of misunderstanding was reached in the court's decree. It recited the application of defendant Ickes "that the court reconsider" its former decree in the light of the new contract "and set aside and vacate said decree," and thereupon adjudged that "the application to set aside and vacate the decree for injunction entered and filed herein under date of August 26, 1935, be, and the same is hereby, denied."

Thus the District Court instead of considering the order of the Circuit Court of Appeals as tantamount to a vacatur of the former decree, and as operating to revest the court with jurisdiction of the entire cause and imposing the duty to permit proper amendment of the pleadings and a retrial and complete determination of the cause, considered its former decree as still effective, deemed the competent evidence on the new hearing to be restricted to a narrow point, and ended the proceeding with a decree simply adjudging that the original decree should not be set aside.

On a certification of these proceedings, the Circuit Court of Appeals interpreted its order of remand. The court said that it thought that "in view of the changed situation, the lower court should be revested with jurisdiction of the entire cause with power to enter such decree as might be deemed appropriate." Ignoring the fact that the District Court had not so regarded the order, that the pleadings had not been amended and the case properly retried, the Court of Appeals proceeded to pass upon the question of the validity of the Act of Congress under which the federal loan was to be made, and of the action of the Public Works Administrator, reversed the decree appealed from and directed the dismissal of the bill for want of equity. 81 F. (2d) 986. We granted certiorari.

We thus have a situation in which both courts below have failed to act in accordance with the standards of proper procedure. Where it appears upon appeal that the controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss. See *United States* v. *Hamburg-American Co.*, 239 U. S. 466, 475, 478; *Atherton Mills* v. *Johnston*, 259 U. S. 13, 16; *Brownlow* v. *Schwartz*, 261 U. S. 216, 218; *United States* v. *Anchor Coal Co.*, 279 U. S. 812. If it appears that supervening facts require a retrial in the light of a

changed situation, the appropriate action of the appellate court is to vacate the decree which has been entered and revest the court below with jurisdiction of the cause to the end that issues may be properly framed and the retrial had. See *Gulf, C. & S. F. Ry. Co.* v. *Dennis,* 224 U. S. 503, 507, 509; *Watts, Watts & Co.* v. *Unione Austriaca,* 248 U. S. 9, 21, 22; *Dorchy* v. *Kansas,* 264 U. S. 286, 289, 291; *Patterson* v. *Alabama,* 294 U. S. 600, 607. In this instance, the Circuit Court of Appeals could not leave in effective operation the final decree of the District Court and at the same time revest that court with jurisdiction to retry the cause. The appellate court failed to make its ruling with proper clarity and definiteness. For that reason the District Court failed to understand the essential purport of the order to remand. The District Court did not understand that it was revested with complete jurisdiction and its proceedings were not taken and its decision was not rendered with a consciousness of its power and its duty.

Delusive interests of haste should not be permitted to obscure substantial requirements of orderly procedure. There is no exigency here which demands that these requirements should not be enforced. The cause was heard in the Circuit Court of Appeals upon a record improperly made up. That the cause may be properly heard and determined, we reverse the decree of the Circuit Court of Appeals and remand the cause with directions that the decrees entered by the District Court be vacated, that the parties be permitted to amend their pleadings in the light of the existing facts, and that the cause be retried upon the issues thus presented.

We express no opinion on the relevancy or effect of the evidence, or otherwise upon the merits.

*Reversed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.