## CITY OF CENTRALIA, ILL., v. ILLINOIS POWER & LIGHT CORPORATION.
### No. 5661.

Circuit Court of Appeals, Seventh Circuit.
April 8, 1937.

James W. Morris, Alexander Holtzoff, and John W. Scott, all of Washington, D. C., Jerome N. Frank, of New York City, L. H. Jonas, of Centralia, Ill., Anan Ray-

mond, of Chicago, Ill., Francis J. McNamara, of Boston, Mass., and Robert E. Sher, of Washington, D. C., for appellants.

John L. Dryer and M. J. Brown, both of Hillsboro, Ill., and Charles Wham and June C. Smith, both of Centralia, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

PER CURIAM.

This is an appeal from an injunctive decree of the District Court. It was entered August, 1935, and enjoined the City of Centralia and its officers, appellants, from performing a certain contract entered into by the city and the United States on November 28, 1934. By its terms the United States agreed to make a loan and grant of certain sums of money to the city for the purpose of constructing an electric generating plant and distribution system. The decree further enjoined the advancement of the money for the purposes of that project by appellant Harold L. Ickes, as Federal Emergency Administrator of Public Works.

The court found that by the terms of the contract, and a related ordinance of the city, the city attempted to delegate to appellant Harold L. Ickes, as Federal Emergency Administrator of Public Works, the power to fix rates to be charged for electrical energy, and the power to control the work of constructing the proposed utility. The court held the city ordinance invalid, and the contract in violation of the Constitution and laws of the State of Illinois. From this decree the appeal is prosecuted.

During the pendency of this appeal, appellant Ickes entered into a new contract with the city, on January 14, 1936, which abrogated the contract of November 28, 1934. The new contract contemplated the carrying out of the original project, but it differed from the old contract in that it eliminated, or attempted to eliminate, many of the provisions of the old contract which were held invalid by the District Court in this action.

Thereupon, on January 20, 1936, appellant Ickes filed his written motion for this court to remand this cause to the District Court with leave to the parties to amend their pleadings in accordance with the facts, and for a trial or other disposition of the cause on such amended pleadings. Detailed purposes and conditions of the remanditur were set forth in the motion.[1]

Appellee, with clearness, urges several objections to the granting of this motion,[2] and each is supported by authority. We

[1] "This appellant submits that this case should be remanded to the District Court for the purpose of introducing the aforesaid superseding contract into the Record. Further this appellant desires to prove that in determining that the new contract should be executed, he considered only whether the project, the proposed loan and grant, and the new contract complied in all respects with the provisions of Title II of the National Industrial Recovery Act and the pertinent Executive Orders of the President of the United States, and gave no consideration to the rates which might be charged by the City of Centralia, except merely as such prospective rates affected his determination that the revenue bonds of the City would be reasonably secure; and that he gave no consideration to the question as to whether lower power rates were desirable or whether it was desirable for the City of Centralia to own and operate its own power plant.

"The appellant offers to stipulate, as a condition of granting this motion) to expedite all proceedings in this cause."

[2] 1. That this Court cannot reverse the judgment of the District Court, or remand the cause, except upon a hearing of the appeal and for error found in the record.

2. That if the term of the District Court at which the decree was entered was still open, on request of that court this Court might properly return the record to that court for the purpose of enabling that court to entertain a motion for a new trial or rehearing.

3. That where the term of the District Court at which the decree appealed from was entered has expired by operation of law the District Court has no power or jurisdiction to reopen the case for any purpose, and that this Court cannot confer such power or jurisdiction on the District Court.

4. That the controlling and important questions involved on this appeal, and upon the decision of which questions the court below based its decree, as well as the other questions properly raised on this record, have not become moot because of the new contract. That those questions are not in any way connected with or dependent upon the legality of the contract of November 28, 1934, and are not in any way affected by the making of the new contract. All of these questions are substantial litigated issues,

shall not discuss or otherwise refer to those authorities. If they are not distinguishable from the facts here presented, their conclusions are at least inconsistent with the recent ruling of the Supreme Court in Duke Power Co., et al. v. Greenwood County et al., 299 U.S. 259, 57 S.Ct. 202, 81 L.Ed. ——.

The controlling facts in that case were precisely the same as here, except that there the defendant had prevailed in the Circuit Court of Appeals [81 F.(2d) 986], in a decree reversing an injunctive decree of the District Court [10 F.Supp. 854; 12 F.Supp. 70]. The Circuit Court of Appeals, without vacating the final decree of the District Court, remanded the cause to the District Court to the end that that court might reconsider its decision in the light of the new contract and take such further action as might be appropriate in the premises. The order of remanditur was further vague and ambiguous resulting in misunderstandings by the District Court and counsel as to the scope of its authorization, which are not here material. The District Court entered a decree merely adjudging that its former decree should not be set aside, considering that it was not revested with jurisdiction of the entire cause. It received the new contract in evidence, however, and such other evidence as it regarded pertinent to its execution. These items with all evidence offered and refused were included in the record which was thereupon certified to the Circuit Court of Appeals. That court treated its order as having reopened the entire cause, and ignoring the facts that the District Court had not so regarded it, and that the pleadings had not been amended and the case properly retried, proceeded then to pass upon the merits, reversed the decree appealed from, and directed a dismissal of the bill for want of equity.

The Supreme Court said:

"This case presents irregularities in practice which we think should not be overlooked. * * *

"We thus have a situation in which both courts below have failed to act in accordance with the standards of proper procedure. Where it appears upon appeal that the controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss. * * * If it appears that supervening facts require a retrial in the light of a changed situation, the appropriate action of the appellate court is to vacate the decree which has been entered and revest the court below with jurisdiction of the cause to the end that issues may be properly framed and the retrial had. * * * In this instance, the Circuit Court of Appeals could not leave in effective operation the final decree of the District Court and at the same time revest that court with jurisdiction to retry the cause. * * *

"That the cause may be properly heard and determined, we reverse the decree of the Circuit Court of Appeals and remand the cause with directions that the decrees entered by the District Court be vacated, that the parties be permitted to amend their pleadings in the light of the existing facts, and that the cause be retried upon the issues thus presented."

In the light of this pronouncement appellants' motion to remand is sustained and the District Court is revested with jurisdiction of this cause to the end that issues may be properly framed and a retrial had. The cause is ordered remanded, with directions that the decree of the District Court be vacated, that the parties be permitted to amend their pleadings in the light of existing facts, and that this cause be retried upon the issues thus presented. The costs of this appeal are adjudged against the appellants.

---

arising upon the record in this case. They must be determined by this Court upon this appeal, unless the appeal is voluntarily dismissed by appellants.

5. That the new contract was made in violation of the injunction and decree of the District Court, and was unlawfully entered into. That the making of said new contract unlawfully cannot be made the basis for the relief asked by the motion in this case.