**MISSISSIPPI POWER CO. v. CITY OF ABERDEEN et al.**

No. 8016.

Circuit Court of Appeals, Fifth Circuit.

April 14, 1938.

R. E. Wilbourn, of Meridian, Miss., B. E. Eaton, of Gulfport, Miss., and C. L. Tubb, of Aberdeen, Miss, for appellant.

Thos. Fite Paine, of Aberdeen, Miss., for appellees.

James W. Morris, Asst. Atty. Gen., and Enoch E. Ellison, Atty., Department of Justice, of Washington, D. C., as amicus curiæ for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

On November 18, 1935, Mississippi Power Company, a corporation of Maine, filed its bill in the District Court against City of Aberdeen, Miss., and its municipal officers, and against Harold L. Ickes, as Federal Administrator in charge of Public Works Administration, a citizen of Illinois residing in Washington, to enjoin the consummation of a contract between the City of Aberdeen and the Administration looking to the supplying to the city of federal funds to provide itself with an electric distribution system to be connected with power lines of Tennessee Valley Authority, which was alleged to be beyond the constitutional and statutory authority of the Administrator, beyond the authority of the city, and in violation of obligations assumed by the city to the complainant in selling the complainant the city's electric distribution plant in 1926. A declaratory judgment was also prayed. A restraining order was granted, but on the hearing, the Administrator not having been served and after notification declining to appear, the court dismissed the bill on the motion of the city which asserted that the bill stated no grounds for equitable relief, that plaintiff had no standing to question the federal activities which were attacked, that the Administrator was an indispensable party, and that no ground for a declaratory judgment was alleged. The hearing in this court of the appeal from this judgment was by consent continued to this term to await the decision of the Supreme Court in cases pending before it.

As respects parties, we are of opinion that the failure to serve the Administrator does not require dismissal of the bill. It is not alleged that a contract had been consummated with him, but only that it was about to be. A court of equity would not undertake to cancel or reform a contract unless all parties were before it, nor usually would it enjoin performance, of a contract by one party if unable to bind the other by its decree. But if the City of Aberdeen has no power to make the proposed contract, or if its relations with Mississippi Power Company prevent it, the court might so adjudge, although the Administrator is not before the court, for he has no fixed rights in the matter in advance of the making of a contract, and he has had an invitation to be heard if he desired. The city's power and rightful conduct can be determined as between the city and Mississippi Power Company.

Whether the validity of the powers claimed by the Administrator ought to be considered in his absence is another question. It has been determined that one in the position of Mississippi Power Company has no standing to question them. Alabama Power Co. v. Ickes, 58 S.Ct. 300, 82 L.Ed. ——; Duke Power Co. v. Greenwood County, 299 U.S. 259, 57 S.Ct. 202, 81 L. Ed. 178. The cited cases are sought to be distinguished because under the facts therein found there was no solicitation or coercion of the municipalities, nor any conspiracy against the rights of the complainants, nor any contract to give the federal authorities the right to regulate intrastate rates or eliminate competition; whereas the allegations of this bill assert all these things. We find the allegations on these points to be rather declamatory than factual. No act of persuasion or coercion is set forth; no contract about rates or management is alleged to have been made or definitely formulated. There is really only a fear that one will be made giving too great control to the federal authorities. The charge of conspiracy, if intended as other than formal, is unsupported by anything except what is plainly true, that if the city with a favorable loan from the Administrator builds its own distribution plant and connects it with the Tennessee Valley Authority lines it will expose Mississippi Power Company, which has taxes to pay, and a heavier bond interest, to a competition which it probably cannot meet, and will cause it to lose its customers. The only substantial question at last is the lawfulness of the threatened competition by the city.

992

There is no doubt that the city may own and operate its own distribution plant. See chapter 317, Laws of Mississippi of 1934, page 596; chapters 185 and 186, Laws of Mississippi of 1936, pp. 354, 368; Street v. Town of Ripley, 173 Miss. 225, 161 So. 855, 102 A.L.R. 82. It owned that now operated by Mississippi Power Company until the latter purchased it in 1926. That purchase, preceded by proper public proceedings, and evidenced by a warranty deed in usual form, was accompanied by the grant of a franchise from the city "to construct, erect, suspend, install, renew, repair, maintain, operate and conduct in the City a plant or plants and system for the manufacture of electric current for all purposes whatever;" with poles, towers, conduits, cables, etc., "necessary or desirable to the transmission, distribution or sale of electric current for all purposes whatsoever in, over, under, along, upon and across all streets, avenues, alleys, etc.," in the city and beyond its limits, to continue for twenty-five years. The city also entered into a contract with the power company to take electricity for street lights and pumping purposes for five years. The last-named contract has expired. There is no threat to revoke the 25-year franchise. It is not contended that the franchise is an exclusive one. The laws of Mississippi do not permit municipalities to grant such. Sections 2400, 2401, Mississippi Code of 1930; Gandy v. Public Service Corp., 163 Miss. 187, 140 So. 687. The contention put forward is that the general warranty in the deed included one for quiet possession, and that the installation of another distribution system in the city will necessarily disturb the old one, and that the threatened competition will destroy the value of the franchise and take it for public use without just compensation and thus without due process of law.

The deed is a short, simple instrument stating that for a named money consideration and other considerations and pursuant to a described ordinance, the city "does hereby sell, convey and warrant unto Mississippi Power Company, a corporation, its successors and assigns the following described property: The electric plant and distributing system belonging to the City of Aberdeen, including all its stores, personal property, material, machinery, fixtures and supplies wheresoever located, used and useful in connection with and pertaining to such electric plant and distribution system." This is merely a conveyance of described physical property. No business or good will is sold. There is no covenant that the city will never again construct an electric distribution system. It cannot of course under its general warranty disturb the possession of what it sold, but we judicially know that more than one set of electric wires can be placed over or under a street without material interference. If an interference is actually begun, it is time enough then to make specific complaint. The franchise is not confined to the plant purchased, and authorizes others. But it has no color of exclusiveness. Exclusive franchises are forbidden in Mississippi. It is familiar law from Charles River Bridge v. Warren Bridge, 11 Pet. 420, 9 L.Ed. 773, through Knoxville Water Co. v. Knoxville, 200 U.S. 22, 26 S.Ct. 224, 50 L. Ed. 353, that nothing passes by implication in the grant of a public franchise. The city unquestionably could grant a franchise to another corporation to enter into competition with the Mississippi Power Company. It may enter itself into such competition if it so desires. No law, no contract, prevents. Helena Waterworks v. Helena, 195 U.S. 383, 25 S.Ct. 40, 49 L.Ed. 245.

The judgment dismissing the bill is affirmed.