431 F.2d 923
 GIUMARRA VINEYARDS CORPORATION, Appellant,
v.
Raymond F. FARRELL, Commissioner of Immigration and
Naturalization Service, and George K. Rosenberg,
District Director of Immigration and
Naturalization Service, Respondents.
 No. 23942.
 United States Court of Appeals, Ninth Circuit.
 Sept. 8, 1970.
 
 Ronald H. Bonaparte (argued), Los Angeles, Cal., for appellant.
 James R. Dooley (argued), Ass't U.S. Atty., Wm. M. Byrne, U.S. Atty., Frederick M. Brosio, Chief, Civil Division, Los Angeles, Cal., for respondents.
 Before HAMLEY, HUFSTEDLER, and WRIGHT, Circuit Judges.
 HUFSTEDLER, Circuit Judge:
 
 
 1
 Appellant Giumarra Vineyards Corporation ('Giumarra') and 10 of its alien employees sued to obtain a declaration that an immigration regulation limiting the entry of certain aliens into the United States was invalid. The district court gave judgment for the Government[1] on the grounds that neither Giumarra nor the individual aliens had standing to challenge the regulation and, alternatively, that the regulation was valid. Giumarra alone perfected its appeal.
 
 
 2
 Giumarra operates a large vineyard in California's San Joaquin Valley, about 250 miles north of the border dividing this country from Mexico. At the peak of the grape harvest, it employs some 2800 field workers. About half of those employees are American citizens; the other half are aliens admitted for permanent residence and holders of 'green card' documentation, alien registration receipt cards (Form I-151).
 
 
 3
 The regulation in question forbids the use of a green card as border-crossing documentation by an alien reentering the United States for the primary purpose of working for an employer in the throes of a labor dispute.[2] On July 28, 1967, the Secretary of Labor determined that Giumarra was involved in such a dispute. At various times thereafter, the individual plaintiffs left the United States, visited in Mexico, and reentered using their green cards. After they resumed their jobs with Giumarra, arrest warrants were issued against them charging violation of the regulation, and deportation proceedings were instituted against them. This action was then brought, claiming the invalidity of the regulation on statutory and constitutional grounds.
 
 
 4
 In its pleadings, Giumarra and the employee-plaintiffs claimed that the regulation was being enforced against all green-card holders, whether or not their permanent residence was in the United States. But if the Government ever took this position, it withdrew from it at trial, stating that the official interpretation of the regulation was that it applied only to aliens whose actual residence was outside the United States.[3] At the close of trial the district court found that the employee-plaintiffs were not residents of Mexico, and thereafter the Government canceled the deportation proceedings against them. So far as the record now shows, no official action of any kind is still pending against these aliens. The case has become moot as to the employee-plaintiffs, and the appeal will be ordered dismissed as to them.[4]
 
 
 5
 To the extent that Giumarra's case rested on the threatened deportation of the employee-plaintiffs, it has likewise become moot. To the further extent that the claimed controversy was based on a contention that the regulation could not validly be applied to aliens who were United States residents, no injunctive or declaratory relief is appropriate, because the Government has formally conceded that the regulation does not apply to such residents.
 
 
 6
 Nothing in the record shows that any employee of Giumarra is presently threatened with deportation. Whether or not those employees, other than the plaintiff-employees, who left their employment did so because they were Mexican residents charged with violating the regulation cannot be determined from the face of the record. Nor does the record reveal whether or not any other employees of Giumarra are Mexican residents. The district court did not reach these questions. Due to the uncertain state of the record and to the intervention of additional facts since the district court's judgment, we are unable to ascertain whether or not there remains any ripened controversy for adjudication.
 
 
 7
 The judgment of the district court is vacated, and the cause remanded. Giumarra should be permitted to amend its pleadings, if it can do so, to show that a controversy still exists, in light of existing facts. (Cf. Duke Power Co. v. Greenwood County (1936) 299 U.S. 259, 267-268, 57 S.Ct. 202, 81 L.Ed. 178.)
 
 
 8
 The appeal of the employee-plaintiffs is dismissed. Each party shall bear its own costs on appeal.
 
 
 
 [1]
 For convenience we use 'Government' to refer to the individually named Government officials
 
 
 [2]
 The regulation (32 Fed.Reg. 8378 (1967)) has been codified as the last sentence of 8 C.F.R. 211.1(b)(1):
 'When the Secretary of Labor determines and announces that a labor dispute involving a work stoppage or layoff of employees is in progress at a named place of employment, Form I-151 shall be invalid when presented in lieu of an immigrant visa or reentry permit by an alien who has departed for and seeks reentry from any foreign place and who, prior to his departure or during his temporary absence abroad has in any manner entered into an arrangement to return to the United States for the primary purpose, or seeks reentry with the intention of accepting employment at the place where the Secretary of Labor has determined that a labor dispute exists, or of continuing employment which commenced at such place subsequent to the date of the Secretary of Labor's determination.'
 
 
 [3]
 Such aliens are referred to as alien or green-card commuters. See generally Gooch v. Clark (9th Cir. 1970) 433 F.2d 74; Note, 'Aliens in the Fields: The 'Green-Card Commuter' Under the Immigration and Naturalization Laws' (1969) 21 Stan.L.Rev. 1750
 
 
 [4]
 Our dismissal of the employees' upperfected appeal is not to be understood as an expression of approval of the district court's holding that the employees did not have standing to attack the regulation. We also express no opinion as to whether or not Giumarra has such standing. That will depend in part on its ability to allege a present controversy. See Association of Data Processing Serv. Organizations v. Camp (1970) 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184