603 F.2d 401
 CA 79-2915 In the Matter of the Arbitration between ATLANTIC
NAVIGATION CORPORATION, LTD., as Buyer of the M.V.
THERESA, Petitioner-Appellant,
and
TRADER SHIPPING CORPORATION, as seller of the M.V. THERESA,
Respondent-Appellee.
 No. 952, Docket 79-7061.
 United States Court of Appeals,
Second Circuit.
 Argued May 2, 1979.
Decided July 30, 1979.
 
 Glen T. Oxton, New York City (Nicholas J. Healy, Jr., Walter I. Skinner, and Healy & Baillie, New York City, of counsel), for petitioner-appellant.
 Stephen P. Kyne, New York City (Raymond J. Burke, Thomas A. Dillon, Jr., and Burke & Parsons, New York City, of counsel), for respondent-appellee.
 Before GURFEIN and MESKILL, Circuit Judges, and WYZANSKI, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Appellant, Atlantic Navigation Corporation, Inc. (Atlantic) entered into a sales agreement with Trader Shipping Corporation (Trader) under which Atlantic agreed to purchase the vessel M.V. THERESA from Trader for an initial cash payment and a note for the balance, secured by a first mortgage on the vessel. The sales agreement also required that insurance be carried on the vessel against various risks. It stated that such insurance "may provide for a maximum deductible of U.S. $200,000."
 
 
 2
 Appellant sought to construe the maximum deductible of $200,000 as being applicable to its protection and indemnity insurance, commonly called "P&I" insurance. The mortgage which it executed provided specifically, however, only that there would be a maximum deductible of $200,000 on "hull and machinery policies." No deductible was provided in the mortgage for the P&I policy, which was treated in a separate subsection.
 
 
 3
 Both parties agreed that Some deductible was proper in a P&I policy, but sharply disputed the proper amount. Appellant said that the $200,000 figure in the sales agreement should prevail. Appellee relied on the mortgage as an integrated document which superseded the sales agreement even if inconsistent therewith and claimed that only a much smaller deductible was permissible based upon the custom of the trade.
 
 
 4
 The sales agreement contained a broad arbitration clause in which the parties agreed to arbitrate all disputes "arising out of this agreement." The mortgage itself contained no agreement to arbitrate. Atlantic requested arbitration under the sales agreement. Trader refused to name an arbitrator. Instead, treating the tender of an allegedly inadequate P&I policy as an event of default under the mortgage, it accelerated the note and threatened to bring foreclosure proceedings. Atlantic then petitioned the District Court for the Southern District of New York to compel arbitration. Judge Gagliardi, on December 14, 1978, denied arbitration on the merits, holding that although the mortgage was only a partially integrated document, the parol evidence rule barred the introduction of the arbitration provision in the sales agreement to contradict the remedies expressly provided for in the subsequent ship mortgage. The appeal to this court was filed January 12, 1979. Atlantic did not seek a stay from the decision of Judge Gagliardi pending appeal to this court. In the meantime Trader started a foreclosure proceeding in the Northern District of California. The vessel was arrested February 19, 1979. Atlantic filed an answer and counterclaim demanding arbitration and seeking damages for breach of contract, though it did not put up a bond for the release of the vessel.
 
 
 5
 Atlantic then found new financing and on March 14, 1979 it paid off the mortgage. Though presumably this disposed of the complaint in foreclosure, we assume that the counterclaim remains.
 
 
 6
 When appellant nevertheless pressed this appeal in spite of these intervening events, appellee suggested that the appeal be dismissed as moot. The question is not whether a case or controversy remains, for we assume by the pendency of appellant's counterclaim in the foreclosure action that the controversy between the parties continues. But the gravamen of the controversy has changed from a petition to compel arbitration of a dispute arising during the course of performance, to a counterclaim seeking damages in a court of admiralty for alleged breach of contract. If we were to reverse the District Court, the parties could, it is true, proceed to arbitration of the issue whether the P&I deductible was proper, but it would not be an arbitration to order the mortgagee to accept the P&I policy tendered; and there would still be a conflict between the California action and the arbitration. We think it better, in the exercise of our discretion, to let the litigation continue in California, without prejudice to a request for arbitration in that court, if that remedy is held to be available. We therefore neither affirm nor reverse. We simply dismiss this appeal and, in the interest of comity, vacate the decision below.
 
 
 7
 MESKILL, Circuit Judge, concurring in the result:
 
 
 8
 Believing that this appeal is moot, I concur in the result. Atlantic petitioned the district court to compel arbitration of a "dispute" or "difference" which it believed arose out of the Sales Agreement, namely the amount of the "protection and indemnity" insurance deductible. Atlantic argued that this amount was to be determined by reference to the Sales Agreement, which contained an arbitration clause; Trader argued that it was to be determined by reference to the subsequent Ship Mortgage, which contained not an arbitration clause but provisions governing "events of default," of which inadequate insurance was one. The district court agreed with Trader and denied the petition, holding that "(t)he terms of the Ship Mortgage, as the later and more detailed agreement, must prevail over those of the Sales Agreement." The issue presented to us on appeal, of course, was whether the district court was correct in this determination. While the appeal was pending, however, Atlantic refinanced the ship and satisfied the Mortgage, and Trader consented to Atlantic's release and discharge. From the record then, and for purposes of this appeal, it appears that the "Theresa" is both "bought and paid for." Atlantic concedes that issues created by the Mortgage are moot, Reply Brief at 1, but argues that it "has not yet had any determination on the merits of its claim that Trader breached the Sales Contract and abused its mortgage rights." Reply Brief at 3. These new damage issues, however, are not properly considered by this Court for the first time. This appeal is therefore moot. Accordingly, I concur in the dismissal of the appeal and in the resulting vacatur of the judgment below. See Great Western Sugar Co. v. Nelson, --- U.S. ----, 99 S.Ct. 2149, 60 L.Ed.2d 735 (1979), Citing United States v. Munsingwear, 340 U.S. 36, 39-40, 71 S.Ct. 104, 95 L.Ed. 36 (1950), And Duke Power Co. v. Greenwood County, 299 U.S. 259, 267, 57 S.Ct. 202, 81 L.Ed. 178 (1936).
 
 
 
 *
 Hon. Charles E. Wyzanski, Jr., U.S. District Judge for the District of Massachusetts, sitting by designation