UNITED STATES of America,
Appellant,

v.

NATIONAL BANK OF
COMMERCE, Appellee.

No. 83–1218.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 8, 1985.

Decided Oct. 28, 1985.

John A. Dudeck, Justice Dept., Washington, D.C., for appellant.

Terry F. Wynne, Pine Bluff, Ark., for appellee.

Before BRIGHT, ARNOLD and FAGG, Circuit Judges.

ARNOLD, Circuit Judge.

The United States has suggested that this appeal is moot, and the appellee National Bank of Commerce has joined in this suggestion. The total amount claimed to be owed by the taxpayer has now been paid over by the bank, thus satisfying the liability which the government has been asserting under the tax-levy statute, 26 U.S.C. § 6332(c)(1).

Any further action by this Court or by the District Court to explore the constitutional question apparently left open by the Supreme Court's opinion, *United States v. National Bank of Commerce*, — U.S. ——, 105 S.Ct. 2919, 2929 n. 12, 86 L.Ed.2d 565 (1985), would be purely hypothetical and abstract. Whichever way the question were decided, it would have no effect on the rights of the parties before us. The full amount claimed by the government having been paid, the bank has no further interest in resisting the government's position that the statute is constitutional, nor does the government have any further interest, for purposes of the present case, in securing a holding that the statute is valid. The controversy is no longer a live one, and our jurisdiction under Article III to decide questions of law has disappeared.

The government asks that the appeal be dismissed as moot, and its request will be granted. Our order will, however, contain one additional element. "The established practice of [appellate courts] in dealing with a civil case from a court in the federal system which has become moot [while appellate proceedings are pending] is to reverse or vacate the judgment below and remand with a direction to dismiss." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950) (footnote omitted). Such action is " 'the duty of the appellate court.' " *Id.* at 39, 71 S.Ct. at 106, quoting *Duke Power Co. v. Greenwood County*, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936). Such an order removes both the *res judicata* and the *stare decisis* effect of the vacated judgment, in this case the judgment of the District Court.

The present case is somewhat unusual, of course, in that the suggestion of mootness comes not during the pendency of the initial appeal from the District Court, but rather on remand from a decision of the Supreme Court reversing our previous judgment affirming the District Court. What effect, if any, the mooting of this case may have, either for *res judicata* or *stare decisis* purposes, on the decision of the Supreme Court is not a question that needs to be addressed at this time.

This case having become moot pending appeal, the judgment of the District Court is vacated, and this cause is remanded to that court with directions to dismiss the complaint as moot.

It is so ordered.