951 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald J. BETTIO, Plaintiff-Appellant,
v.
Charles A. GREENLEE, et al., Defendants,
Village of Northfield, Defendant-Appellee,
Michael Satola, Mayor; James Varga, Officer; Kenneth J.
Sulhan, Clerk-Treasurer, Appellees.
Donald J. BETTIO, Plaintiff-Appellee,
v.
Charles A. GREENLEE, et al., Defendants,
Michael L. Satola, Mayor, Appellant.
 No. 91-3248.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1991.
 
 Before KENNEDY and BOGGS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The court consolidated for hearing these two appeals from post-judgment orders of the district court in this civil rights action brought pursuant to 42 U.S.C. § 1983. The gravamen of the complaint was that the defendants, the Village of Northfield, Ohio and its mayor, Charles A. Greenlee, unlawfully discharged plaintiff Donald J. Bettio from his position as a police officer of the Village of Northfield. The complaint was filed on November 16, 1988. Following protracted proceedings that included discovery and numerous amended pleadings, counsel for the plaintiff and counsel for "the Council of Defendant Village of Northfield" tendered to the district court a stipulated judgment entry which stated that the parties had entered into an agreement to settle and dismiss all the issues pending before the court and requesting the district court to incorporate the agreement into a judgment "in order that its terms may be enforced." The district court signed the tendered stipulated judgment entry although it showed on its face that it had not been agreed to by the law director of the defendant village and with knowledge that the then-Mayor, Michael Satola, opposed the settlement. The settlement agreement, which became the judgment of the court, provided that the village would reinstate the plaintiff as a police officer within five days of the journalization of the judgment entry with all back pay and benefits except medical benefits since the date of Bettio's unpaid suspension, less thirty days, all to be paid as soon as computed but not later than twenty days from the "journalization" of the judgment entry. The judgment entry was dated and filed November 27, 1990.
 
 
 2
 Bettio was not reinstated. The law director of the Village of Northfield filed a motion to vacate the stipulated judgment entry and Mayor Satola filed a motion to intervene. Thereafter, Bettio filed a motion requesting the district court to enter an order requiring Mayor Satola, two other individual employees of the village and the Village of Northfield to show cause why they should not be held in contempt of the court's November 27, 1990 order. The consolidated appeals now before the court are from the district court's disposition of these two motions. The district court found that it did not possess authority to enter the show cause order against the three individuals named in the motion, that is Mayor Satola and two other village officials, because none of them had ever been parties to the civil rights action. Furthermore, none of these persons had signed the stipulated judgment entry, and the village law director had advised the court that he would not sign it on behalf of the village or the mayor. The district court also denied Mayor Satola's motion to intervene as untimely. Bettio appeals in No. 91-3248 and Mayor Satola appeals from denial of his motion to intervene in No. 91-3249.
 
 
 3
 This court concludes that the record before it does not permit a resolution of the issues raised by these two appeals. There is a serious question under state law as to whether the village council had authority to agree to a settlement of Bettio's claim inasmuch as the ordinance approving the settlement was vetoed by the mayor and so far as this record shows no new ordinance authorizing the settlement was ever adopted. (The council took an action to "reinstate" the vetoed ordinance.) Furthermore, the district court was clearly correct in finding that none of the persons whom the plaintiff sought to hold in contempt were parties to the action or the purported settlement. The Village of Northfield has been a party from the beginning, but its mayor and law director refused to participate in the purported settlement and this further clouds the validity of the entire settlement proceeding. We have concluded that we must remand the case to the district court for a determination of the powers and duties of the various officials of the village with respect to the purported settlement. This must be done after all parties who will be affected by any ruling on the validity of the settlement are given an opportunity to intervene and be heard.
 
 
 4
 It was also suggested at oral argument that the most recent election may have rendered this controversy moot. The district court on remand must also consider the mootness issue if it is pursued in subsequent proceedings. If the district court determines that the controversy over the settlement has become moot by reason of intervening events, the proper course of action will be to enter an order revoking the stipulated judgment entry. Further, if the district court determines that the entire controversy between the parties, that is Bettio's claim under 42 U.S.C. § 1983 as distinct from the controversy over the stipulated judgment entry, has become moot, then the proper course will be for the district court to dismiss the case with prejudice. Duke Power Co. v. Greenwood County, 299 U.S. 259, 267 (1936). All claims for costs and attorney fees must await the determination of the issues concerning the validity of the purported settlement, the mootness of the issue concerning the stipulated judgment entry and the mootness of the underlying claim.
 
 
 5
 The order of the district court is vacated and the case is remanded for further proceedings consistent with this opinion. The parties will bear their own costs on this appeal.