78 F.3d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary FORD, Plaintiff-Appellant,
v.
Clifford CLEVENGER, Cocke County Highway Superintendent;
Will Burns, Tennessee Election Coordinator,
Defendants-Appellees.
 No. 94-6119.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1996.
 
 On Appeal from the United States District Court, for the Eastern District of Tennessee, No. 94-00135; Thomas Gray Hull, District Judge.
 E.D.Tenn.
 VACATED.
 Before: JONES and BATCHELDER, Circuit Judges, and COOK, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Gary Ford appeals the district court's dismissal of this action as to one of the defendants for failure to state a claim, and the grant of summary judgment to another. Because we find that Ford's claims are moot, we do not consider them on the merits, but, for the reasons that follow, we VACATE the judgment of the district court and remand with instructions to dismiss.
 
 I.
 
 2
 Ford sought to be certified to run for the position of county highway superintendent for Cocke County, Tennessee, in the 1994 Republican party primary. He submitted several affidavits in support of his qualifications to the state election coordinator,[1] defendant Will Burns, who declined to certify Ford as a candidate.
 
 
 3
 On April 8, 1994, Ford initiated this civil action in federal district court against Burns, the incumbent county highway supervisor and candidate for re-election Clifford Clevenger, and Tennessee Attorney General Charles Burson, claiming deprivation of his constitutional rights, and demanding only that the Attorney General place Ford's name on the May 3, 1994, Republican primary ballot as a candidate for Cocke County highway superintendent. On April 29, 1994. Ford filed a motion for a preliminary injunction to keep Clevenger off the Republican primary ballot, as well as a motion for a protective order "enjoining the defendants from any unlawful acts to any party or parties connected with [the] action."
 
 
 4
 On May 19, 1995, Clevenger, individually, and Burns and Burson, jointly, moved to dismiss Ford's suit for lack of subject matter jurisdiction, claiming, inter alia, that it raised no federal question. On May 27, 1994, Ford responded, alleging a cause of action under 42 U.S.C. § 1983. Ford also modified the relief he sought to include having his name placed on the ballot for the August 4, 1994, general election. He then moved for summary judgment against Burns and Clevenger, abandoning his claims against Attorney General Burson.
 
 
 5
 On July 19, 1994, the district court dismissed Ford's suit against Clevenger, finding that Ford had failed to state a claim upon which relief could be granted. By an order of August 8, 1994, the district court granted summary judgment in favor of Burns.[2] This appeal followed.
 
 II.
 
 6
 The sole relief sought by Ford in this action was some form of injunction that would place his name on either the May 3, 1994, primary election ballot or on the August 4, 1994 general election ballot. Those elections having long since come and gone, Ford cannot obtain the relief he seeks. Although none of the briefs submitted by the parties addresses our constitutional authority to hear and to decide this case, we have "a continuing obligation to examine [our] subject matter jurisdiction throughout the pendency of every matter before [us]." In re Wolverine Radio Company, 930 F.2d 1132, 1137 (6th Cir.1991) (footnote omitted), cert. dismissed sub nom. Michigan Employment Security Commission v. Wolverine Radio Company, Inc., 503 U.S. 978, 112 S.Ct. 1605 (1992).
 
 
 7
 "Where it appears upon appeal that the controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss." Duke Power Co. v. Greenwood County, S.C., 299 U.S. 259, 267, 57 S.Ct. 202, 205 (1936) (citations omitted). See also United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 106 (1950) (holding that the established practice of the Supreme Court in dealing with a civil case which has become moot during the pendency of the appellate process is to reverse or vacate the judgment below and remand with direction to dismiss). We have held that "[m]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." Carras v. Williams, 807 F.2d 1286, 1289 (6th Cir.1986) (citations omitted). Here, no power on earth can grant the relief that Ford demands. The 1994 primary and general elections are history, and Ford has made no claim for relief except that his name be placed on the ballot in those elections.
 
 
 8
 Although the district court dismissed this case, it based its judgment on the merits of Ford's claims. We must therefore vacate that judgment in order to "clear [ ] the path for future relitigation of the issues between the parties and eliminate [ ] a judgment, review of which was prevented through happenstance" Munsingwear, 340 U.S. at 40. See U.S. Bancorp Mortgage Company v. Bonner Mall Partnership. --- U.S. ----, 115 S.Ct. 386, 390 (1994).
 
 
 9
 Accordingly, the judgment of the district court is VACATED, and this case is REMANDED to the district court with instructions that it be DISMISSED.
 
 
 
 *
 The Honorable Julian A. Cook, Chief Judge. United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The state election coordinator is authorized by statute to determine the qualifications for those who would run for the office of county highway superintendent. TENN.CODE ANN. § 54-7-104(a)(1) (1993)
 
 
 [2]
 The district court also dismissed Ford's suit against Burson. Ford does not appeal the dismissal of defendant Burson. In consequence, our holding relates only to defendants Burns and Clevenger