Jewell **FAIR**, Howard **Mann**, Ruby **McCoy**, S.L. **McBride**, and the Southeast Placer Citizens for Sensible Sewerage, Plaintiffs-Appellants,

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**, EPA Administrator **Ruckelshaus**, Defendants-Appellees,

Placer County, Intervenor.

No. 85–1882.

United States Court of Appeals, Ninth Circuit.

Argued June 11, 1986.

Submitted June 25, 1986.

Decided July 29, 1986.

Kent B. Seitzinger, Fairs Oaks, Cal., for plaintiffs-appellants.

J. Carol Williams, Washington, D.C., for defendants-appellees.

Lyle D. Rose, Auburn, Cal., for intervenor.

Before CHOY, Senior Circuit Judge, ALARCON and WIGGINS, Circuit Judges.

CHOY, Senior Circuit Judge:

Jewell Fair, Howard Mann, Ruby McCoy, S.L. McBride, and the Southeast Placer Citizens for Sensible Sewerage appeal the dismissal of their action against the Environmental Protection Agency ("EPA"), for an allegedly improper grant of federal funds to Placer County ("County") in violation of the Clean Water Act, 33 U.S.C. § 1281(g)(5). We find the case to be moot.

## FACTS & PROCEDURAL BACKGROUND

The appellants, residents of a sewer assessment district in Placer County, California, challenge an EPA construction grant to the County for partial funding of an interceptor sewer line. The sewer line will connect a sewage treatment plant in Roseville, California with four existing treatment facilities in Placer County. The four existing facilities are being abandoned because the systems are in violation of applicable water quality standards and are subject to cease and desist orders issued by the California Regional Water Quality Board. Prior to the award of the grant, the appellants sought declaratory and injunctive relief in district court. They alleged that the EPA violated the Clean Water Act, 33 U.S.C. § 1281(g), by approving the County's grant application without adequate investigation of innovative and alternative ("I/A") technologies.

At trial, the EPA moved for dismissal pursuant to Fed.R.Civ.P. 41(b). The district court granted the motion and dismissed the appellants' action.

## DISCUSSION

### I. *Standing*

The district court questioned the appellants' standing to bring this action, but ruled on the merits nonetheless, reasoning that the health hazard posed by the currently failing waste water treatment facilities necessitated prompt resolution of the dispute. Because standing is jurisdictional, the issue should not have been avoided below. *See Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 37–38, 96 S.Ct. 1917, 1923–24, 48 L.Ed.2d 450 (1975) (standing is a constitutional limitation of federal court jurisdiction to actual cases or controversies, and absent a showing of standing, an exercise of federal court power would be inconsistent with Article III limitations).

■ At an irreducible minimum, Article III requires that the plaintiff show that he has personally suffered some actual or threatened injury as a result of the defendant's illegal conduct, *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99, 99 S.Ct. 1601, 1607, 60 L.Ed.2d 66 (1979), and that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision," *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. at 38, 41, 96 S.Ct. at 1924, 1925.

■ The appellants satisfy the injury-in-fact requirement of standing. They allege pecuniary injury as a result of assessments levied to finance construction of the interceptor sewer. They contend that the level of these assessments was directly affected by anticipated federal funding and by EPA approval of the project without adequate investigation of other possibly more cost-effective alternatives. The EPA administrator had the duty to ensure that the County's decision was made after fully considering other I/A technologies. *See* 33 U.S.C. § 1281(g)(5).[1]

■ Pecuniary injury is a sufficient basis for standing. *See Barlow v. Collins,*

---

1. Section 1281(g)(5) provides in relevant part as follows:

   The Administrator shall not make grants from funds authorized for any fiscal year beginning after September 30, 1978, to any state, municipality, or intermunicipal agency for the erection, building, acquisition, alteration, remodeling, improvement or extension of treatment works unless the grant applicant has satisfactorily demonstrated to the Administrator that innovative and alternative waste water treatment processes and techniques ... have been fully studied and evaluated by the applicant ... taking into account and allowing to the extent practicable the more efficient use of energy and resources.

397 U.S. 159, 163–64, 90 S.Ct. 832, 835–36, 25 L.Ed.2d 192 (1970); *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. 150, 154, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970); *Dan Caputo Co. v. Russian River County Sanitation*, 749 F.2d 571, 574 (9th Cir.1984). The appellants therefore satisfy Article III requirements of standing.

■■■ In addition, the appellants satisfy statutory requirements for standing under the Administrative Procedure Act. To have standing to sue under the Administrative Procedure Act, a plaintiff's alleged injury must be within the zone of interests protected by the statute allegedly violated. *Association of Data Processing Service Organizations, Inc. v. Camp*, 397 U.S. at 152–53, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970); *Barlow v. Collins*, 397 U.S. at 164, 90 S.Ct. 832, 836, 25 L.Ed.2d 192 (1970); *Sierra Club v. Morton*, 405 U.S. 727, 733, 92 S.Ct. 1361, 1365, 31 L.Ed.2d 636 (1971); *Dan Caputo Co. v. Russian River County Sanitation*, 749 F.2d at 574.

The legislative history behind section 1281(g)(5), the statute allegedly violated by the EPA, indicates that the appellants' alleged pecuniary injury falls within the zone of interests protected by the section. The House Conference Report states that section 1281(g)(5) was enacted "to require the applicant to study and evaluate various innovative and alternative technologies taking into account and providing for, to the extent practical, the most efficient use of energy and resources which will result in the lowest net cost of water and sewer service *to the consumer*, including production of usuable water through a production treatment process if the savings offset increased costs of the process." H.R.Rep. No. 97–117, 97th Cong., 1st Sess. 13, *reprinted in* 1981 U.S.Code Cong. & Ad. News, 2629, 2656 (emphasis added). The appellants' alleged economic injury falls

within the zone of interests protected by section 1281(g)(5).

Because the legislative history indicates that the appellants' interest is within the statutory zone of interests, the case at bar is distinguishable from *Dan Caputo Co. v. Russian River County Sanitation*, where we held that a contractor claiming an interest in Clean Water Act construction grant funds lacked standing because the statute did not protect contractors' interests in grant funds, 749 F.2d at 574–75. Here, unlike the contractor in *Dan Caputo*, the appellants claim an interest that is specifically protected by section 1281(g)(5). Accordingly, the appellants have standing to enforce section 1281(g)(5).[2]

## II. *Mootness*

■■■ Although the appellants have standing to challenge the EPA Administrator's funding decision in this case, the appeal is moot. The appellants seek to restrain the EPA from financing construction of the interceptor sewer until a more complete study of innovative and alternative waste disposal technologies is undertaken. The appellants seek declaratory and injunctive relief only; they do not seek damages.

Construction of the interceptor sewer is now complete, *see* Declaration of Jack Warren, filed on June 3, 1986: A declaratory judgment requiring further study of I/A technologies would therefore be ineffectual. *See Dan Caputo Co. v. Russian River County Sanitation*, 749 F.2d at 574 (fact that construction completed mooted suit by initial contractor to enjoin construction of EPA funded waste treatment facility by subsequent contractor when suit contained no plea for damages).

Although only 70% of the EPA grant funds have been disbursed to the County, witholding the remaining 30% would not accord the appellants relief. The appellants' pecuniary interest lies not in the grant funds, but in the particular project

---

**2.** Because we find standing to enforce section 1281(g)(5) under the Administrative Procedure Act and hold that the appeal is moot, we do not

reach the issue of whether the appellants have standing to sue under the citizens' suit provision of the Clean Water Act, 33 U.S.C. § 1365(a)(2).

chosen by the County, which is now completed. *See James Luterbach Construction Co. v. Adamkus*, 781 F.2d 599, 602 (7th Cir.1986) (contractor's action seeking declaratory judgment that EPA should have awarded him construction contract and enjoining further construction held moot where construction 98 percent completed).[3]

This is not a case "capable of repetition yet evading review." *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). Because construction is complete, it is unlikely that this controversy will arise again between these parties. *See James Luterbach Construction Co. v. Adamkus*, 781 F.2d at 602–03. The sole reason this case "evaded review" is the appellants' failure to take requisite action. They posted no bond accompanying their request for a preliminary injunction with the district court, nor did they seek a stay of the district court's judgment pending this appeal.

## CONCLUSION

The district court's decision is VACATED and the case REMANDED to the district court with directions to dismiss the action as moot.

VACATED and REMANDED.

---

**3.** The appellants' reliance on *Dan Caputo Co. v. Russian River County Sanitation*, 749 F.2d at 574, in support of their argument that the appeal is not moot, is misplaced. In that case, we held that a suit by an initial contractor to enjoin EPA reallocation of funds for construction of a waste treatment facility to a second contractor was not moot, even though construction was completed, because the grant funds were not fully disbursed. Unlike the contractor in *Caputo*, the appellants' interest lies in the project undertaken, and not in the grant funds.