**SMITH INTERNATIONAL, INC.,**
**Appellant/Cross-Appellee,**

v.

**HUGHES TOOL COMPANY,**
**Appellee/Cross-Appellant.**

**Appeal Nos. 86–1139, 86–1225.**

United States Court of Appeals,
Federal Circuit.

Jan. 29, 1988.

Richard J. Stone, Sidley & Austin, Los Angeles, Cal., argued for appellant/cross-appellee. With him on the brief were Gerald A. Ambrose, Chicago, Ill. and Linda S. Peterson, Washington, D.C. Also on the brief were Howard J. Trienens, Robert M. Vargo, Ned L. Conley, Jeffrey W. Tayon and David Alan Rose, of Butler & Binion, Houston, Tex.

Rolf O. Stadheim, Haight & Hofeldt, Chicago, Ill., argued for appellee/cross-appellant. With him on the brief were Britton A. Davis and Edward A. Haight. Also on the brief were David Brice Toy, Los Angeles, Cal. and Steven O. Kramer, Lawler, Felix & Hall, Los Angeles, Cal.

Before FRIEDMAN and RICH, Circuit Judges, COWEN and BENNETT, Senior Circuit Judges, and NIES, Circuit Judge.

## ORDER

NIES, Circuit Judge.

These appeals are from the final judgment of the United States District Court for the Central District of California, reported at 229 USPQ 81 (C.D.Cal.1986) (Hupp, J.) [Available on WESTLAW, 1986 WL 4795].[*] The appeals were submitted for decision, after hearing, on December 1, 1986. On June 5, 1987, a Joint Motion of Smith International, Inc. ("Smith") and Hughes Tool Company (now Baker Hughes Incorporated, herein "Baker Hughes"), was filed for a stay of proceedings. This court was advised that on June 5, 1987, the parties agreed to a settlement of the case subject to appropriate order of the U.S. Bankruptcy Court, Central District of California, which had jurisdiction over the reorganization of Smith (No. 86–03947–JD), and to a timely consummation of a Plan of Reorganization of Smith embodying such settlement. Proceedings were stayed or suspended until January 19, 1988.

This court is now advised that on November 12, 1987, the Bankruptcy Court entered an Order confirming the Smith Plan of Reorganization, which became final and nonappealable on November 27, 1987, and that on December 31, 1987, Smith provided to Baker Hughes the cash amount and Baker Hughes Note (as defined in the Smith Plan), called for by the settlement agreement between the parties and the

---

[*] A complete review of the procedural history of this case is set out in an earlier appeal, *Smith Int'l, Inc. v. Hughes Tool Co.,* 759 F.2d 1572, 225 USPQ 889 (Fed.Cir.), *cert. denied,* 474 U.S. 827, 106 S.Ct. 87, 88 L.Ed.2d 71 (1985), which remanded the case. The instant appeals are from the district court's judgment on remand.

Smith Plan of Reorganization, thereby completing the settlement.

On Jan. 19, 1988, the parties filed a "JOINT MOTION TO DISMISS APPEAL AND CROSS–APPEAL, VACATE DISTRICT COURT JUDGMENT AND TO REMAND CASE TO DISTRICT COURT WITH INSTRUCTIONS TO DISMISS COMPLAINT" and submitted a proposed order which would declare the matter moot, dismiss the appeals with prejudice, vacate the judgment of the district court, and remand with instructions to the district court to dismiss the complaint with prejudice. In support of the proposed order, the parties cite *Great Western Sugar Co. v. Nelson,* 442 U.S. 92, 93–94, 99 S.Ct. 2149, 2149–50, 60 L.Ed.2d 735 (1979); *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39–41, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950); *Federal Data Corp. v. SMS Data Prods. Group,* 819 F.2d 277, 280 (Fed.Cir.1987).

We agree with the parties that where it appears upon appeal that the controversy has become entirely moot, which is the effect of the settlement in this case, "it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss." *Duke Power Co. v. Greenwood County,* 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936). Further, in circumstances such as present here, where the claims are permanently withdrawn, "a dismissal with prejudice is indicated." *Deakins v. Monaghan,* —— U.S. ——, ——, 108 S.Ct. 523, 528, 98 L.Ed. 2d 529 (1988). Because the appeals are disposed of by the above action, the request to dismiss the appeals with prejudice is denied. *See Gibraltar Indus., Inc. v. United States,* 726 F.2d 747, 749 (Fed.Cir. 1984).

Accordingly, the Joint Motion of the parties is granted in part. The controversy between the parties having been mooted by settlement,

IT IS ORDERED THAT:

1. The judgment of the district court is vacated.

2. The case is remanded to the district court with instructions to dismiss the complaint with prejudice.

3. Each party shall bear its own costs incurred in connection with these appeals.