915 F.2d 1583
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael L. BRUNING, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 90-3164.
 United States Court of Appeals, Federal Circuit.
 Aug. 16, 1990.
 
 ON MOTION
 Before ARCHER, Circuit Judge, BALDWIN, Senior Circuit Judge, and MAYER, Circuit Judge.
 ORDER
 ARCHER, Circuit Judge.
 
 
 1
 The Department of Veterans Affairs (VA) moves to vacate the December 28, 1988 decision of the Merit Systems Protection Board (Board) and to remand to the Board with directions to dismiss the action as moot. Michael L. Bruning opposes the motion. At the direction of the court, the VA replies to Bruning's opposition.
 
 
 2
 This case has a long and complex history, both procedural and substantive. For purposes of this motion, however, only the following is pertinent. Following a remand by this court, the Board on January 3, 1989 ordered the VA to cancel Bruning's AWOL status back to July 22, 1986. Bruning thereafter petitioned for enforcement, arguing that the Board's and this court's decisions entitled him to full restoration to duty to his previous position with attendant backpay and benefits. The VA argued that the order entitled Bruning only to backpay and benefits to July 1986. On December 28, 1989, the Board determined that the VA was in compliance with the Board's January 3, 1989 order and dismissed Bruning's petition. The instant appeal is from the Board's December 28, 1989 order. Meanwhile, on April 2, 1990, the VA on its own restored Bruning to his former position with full backpay and benefits.
 
 
 3
 The VA argues that the case is now moot in view of Bruning's receipt of all of the relief that he requested. Bruning argues that although he has received all the relief initially requested, "a situation continues to exist where a Board decision has been entered which is violative of the December 9, 1987 and October 21, 1988, decisions of this Court."
 
 
 4
 Bruning's objection misses the point. This court will specifically direct that both the January 3 and December 28, 1989 final decisions of the Board be vacated. Hence, there will be no outstanding Board orders that are arguably in conflict with this court's previous decisions.* Moreover, we agree with the government that in any event Bruning has received all of the relief he requested and that the case is moot. See Deakins v. Monaghan, 108 S.Ct. 523 (1988); Smith International, Inc. v. Hughes Tool Co., 839 F.2d 663 (Fed.Cir.1988).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Board's January 3, 1989 and December 28, 1989 decisions are vacated.
 
 
 7
 (2) The case is remanded to the Board with direction to dismiss the action as moot.
 
 
 
 *
 It is not necessary and we do not reach the issue of whether the Board decisions are in accordance with our decisions