## In re UNITED STATES of America, Petitioner.

### No. 87-5383.

United States Court of Appeals, District of Columbia Circuit.

March 8, 1991.

Barbara L. Herwig and Freddi Lipstein, Attys., Dept. of Justice, were on the joint motion to vacate decision as moot, for petitioner. Jay B. Stephens, U.S. Atty., Larry R. Gregg and John R. Boulton, Attys., Dept. of Justice, also entered appearances, for petitioner.

Kate Martin was on the joint motion to vacate decision as moot, for respondents. Arthur Spitzer, Elizabeth Symonds, Ronald A. Stern, Geoffry F. Aronow, Alfred Winchell Whitaker, Timothy S. Hardy, and Stuart A.C. Drake also entered appearances, for respondents.

Before MIKVA, Chief Judge, D.H. GINSBURG, Circuit Judge, and ROSENN,* Senior Circuit Judge for the Third Circuit.

Opinion for the Court filed by Circuit Judge D.H. GINSBURG.

D.H. GINSBURG, Circuit Judge:

■ In an earlier phase of this litigation, we denied the Government's petition for a writ of mandamus directing the district court to dismiss the case, on the basis of the Government's state secret privilege. 872 F.2d 472 (D.C.Cir.1989). The Government then petitioned the Supreme Court for a writ of certiorari. While that petition was pending, the Government and the plaintiff filed a joint motion to vacate the decision of this court, on the ground that the parties had settled the suit by an agreement reached after the petition for certiorari had been filed and thus rendered the case moot. Although we agree that the case is moot, we do not agree that vacatur based on a post-judgment settlement is appropriate, and therefore deny the present motion.

In *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), the Supreme Court stated that

The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.... [This] procedure clears the path for future litigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance.

*Id.* at 39–40, 71 S.Ct. at 106–07.

■ Following *Munsingwear*, a court of appeals will, in like circumstances, va-

cate a district court decision that has become moot prior to the appellate court's disposition. *See Clarke v. United States*, 915 F.2d 699, 706 (D.C.Cir.1990). Similarly, the court of appeals may vacate its panel decision when a case becomes moot pending disposition of a petition for rehearing and suggestion for rehearing *en banc* and before issuance of the mandate. *Id.* Finally, it has been suggested that "because the Supreme Court conventionally grants certiorari on moot cases, and vacates and remands with instructions to dismiss, it is 'appropriate for a court of appeals to vacate its own judgment if it is made aware of events that moot the case during the time available to seek certiorari.'" *Id.* (quoting Wright, Miller & Cooper, *Federal Practice and Procedure* § 3533.10 at 435 (1984)). We do not believe that vacatur is appropriate, however, when a matter has been mooted after judgment only because the parties have entered into a settlement; thus, we need not resolve whether we would ever be warranted in vacating our own decision while a petition for certiorari is pending before the Supreme Court.

The case in this circuit most closely in point is *United States v. Garde*, 848 F.2d 1307 (D.C.Cir.1988), but it does not control the outcome here. There, in exploring the limits of the *Munsingwear* vacatur practice, we acknowledged that "vacating the lower court decision underlying a moot appeal is the general practice of this court," but we also cited *Center for Science in the Public Interest v. Regan*, 727 F.2d 1161 (D.C.Cir.1984) ("*CSPI*"), for the proposition that "in a case in which 'review is prevented, not by happenstance, but by the deliberate action of the losing party before the district court, ... the district court should not be ordered to vacate its decision.'" 848 F.2d at 1310 (quoting *CSPI*, 727 F.2d at 1165–66). More specifically, we stated that

The distinction between litigants who are and are not responsible for the circumstances that render the case moot is im-

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

portant. We do not wish to encourage litigants who are dissatisfied with the decision of the trial court "to have them wiped from the books" by merely filing an appeal, then complying with the order or judgment below and petitioning for a vacatur of the adverse trial court decision.

*Id.* at 1311 (quoting *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters,* 686 F.2d 720, 721 & n. 1 (9th Cir.1982)).

While the foregoing statement is broad enough to cover the motion now before us, there is a material factual difference between the two cases. In *Garde,* the court was concerned that vacating the district court decision would risk "unfairness to parties who prevailed in the lower court." *Id.* at 1310. Here, the party who prevailed supports the motion to vacate, so unfairness to that party is not in issue.

Where the parties moot the case by entering into a settlement agreement and the prevailing party joins the losing party in moving for vacatur, a different consideration is paramount. As the Seventh Circuit, which routinely denies motions to vacate a district court's decision after the parties have settled pending appeal, pointed out *In re Memorial Hospital of Iowa County, Inc.,* 862 F.2d 1299 (7th Cir.1988):

> When a clash between genuine adversaries produces a precedent, ... the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property.

*Id.* at 1302. We find the reasoning of *Memorial Hospital* persuasive.

Further, we believe that *Garde* correctly focused on the Supreme Court's concern in *Munsingwear* with vacating a judgment, further review of which was prevented by "happenstance" rather than by the deliberate action of the losing party. Where the losing party chooses to settle rather than to pursue its appeal, review is not prevented by "happenstance"; this is no less true where the prevailing party supports the motion to vacate. Accordingly, the motion is

*Denied.*