## WANG LABORATORIES, INC.

v.

## TOSHIBA CORPORATION, et al.

### Civ. A. No. 90–1477–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

July 2, 1992.
As Amended July 14, 1992.

Robert Ruyak, Howrey & Simon, Washington, D.C., for Wang Laboratories, Inc.

Edward F. McKie, Jr., Banner, Birch, McKie & Beckett, Washington, D.C., for Toshiba Corp.

Bernstein, Howard Leonard, Sughrue, Mion, Zinn, MacPeak & Seas, Washington, D.C., for Nippon Elec. Co., Ltd.

Roy D. Snyder, Jr., Washington, D.C., for Toshiba Corp., Toshiba America, Inc., Toshiba America Electronics Components Inc., Toshiba America Information.

### AMENDED ORDER [1]

ELLIS, District Judge.

This patent infringement suit is before the Court on remand from the Court of Appeals for the Federal Circuit. 954 F.2d 732. The remand directs this Court to dismiss the complaint as moot in light of the parties' settlement on appeal, which led to the Federal Circuit's subsequent vacation of this Court's partial summary judgment order. That order held one of the patents in issue invalid on the ground of prior public use and sale. *See* 35 U.S.C. § 102(b). The vacation and remand order was entered by the Clerk of the Federal Circuit upon the unopposed motion of Wang Laboratories, stating that the parties had settled the matter.

This Court, concerned that the vacation and remand order, if followed, would result in the resurrection of a presumptively invalid patent merely because the parties wish this result as a part of settlement, asked that the parties return to the Federal Circuit and have their request for vacation and remand considered by a judge of that court. The parties returned to the Federal Circuit and by Order dated January 13, 1992, Circuit Judge Raymond C. Clevenger, III granted the parties' motion to vacate this Court's summary judgment order and then remanded with directions to dismiss the complaint as moot. This Order complies with the remand direction, but also takes this opportunity to describe more fully this Court's concern that appellate vaca-

---

**1.** This Order amends the Court's Order dated   July 2, 1992.

tion on mootness grounds of district court orders invalidating patents because the parties have settled on appeal may raise important public policy considerations worthy of closer scrutiny.

## I.

The pertinent facts are easily summarized. Wang filed this patent infringement suit in October 1990. In essence, Wang alleged infringement of three of its patents covering certain types of single in line memory modules (SIMMS) typically used in personal computers. Named as defendants were Toshiba Corporation of Japan and a group of its American subsidiaries (collectively referred to herein as "Toshiba Defendants")[2] and Nippon Electric Co., Ltd. of Japan together with a group of its American subsidiaries (collectively referred to herein as "NEC Defendants").[3] Early on in the suit, Molex Incorporated ("Molex") sought to intervene as a party defendant on the ground that it had an interest in one of the patents in issue, U.S. Patent No. 4,850,892 ("the '892 patent"), because it or its subsidiaries made and sold to the NEC defendants and others certain products alleged to infringe that patent. In further support of its intervention motion, Molex noted that it was required to indemnify one of the NEC defendants for any damages awarded in the case for infringement of Wang's '892 patent. Molex's intervention was allowed.

The litigation then proceeded and after the completion of discovery, defendants and the intervenor defendant filed summary judgment motions, one of which attacked the validity of the '892 patent on a variety of grounds, including the public sale bar. The parties then filed voluminous and numerous briefs on all the issues presented, including those concerning the validity of the '892 patent. The Court heard oral argument on those issues on at least three occasions. Following this and after mature consideration, this Court, in a discursive six page order dated August 23, 1991, granted partial summary judgment in favor of defendants on the issue of the validity of the '892 patent. Specifically, the Court found that undisputed record facts compelled the conclusion that the '892 patent was invalid because the device described in the patent had been on sale and in public use more than one year prior to the date of the patent application.

Thereafter, the litigation proceeded with respect to the validity and infringement of the remaining two Wang patents. Following a jury trial and largely favorable verdicts for Wang, all parties appealed. These appeals were docketed in the Federal Circuit as Toshiba appeal, NEC appeal, Wang appeal, and Molex appeal. During the prosecution of these appeals, Wang and Molex reached agreement to settle their dispute raised by the Molex appeal, namely, the validity of the '892 patent. Given the settlement, the Federal Circuit, pursuant to its standard procedures, deemed the Molex appeal moot and vacated the district court's summary judgment order invalidating the '892 patent without reviewing the merits of the order.

## II.

When parties settle a case on appeal, their controversy becomes moot. This mootness has consequences. As Judge Clevenger of the Federal Circuit Court of Appeals noted in his January 13, 1992 Order, once a case is mooted by settlement on appeal, it is then "the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss." *Smith Intern., Inc. v. Hughes Tool Co.*, 839 F.2d 663, 664 (Fed.Cir.1988) (quoting *Duke Power Co. v. Greenwood County*, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936)).

**2.** The Toshiba defendants are (i) Toshiba America, Inc., of Delaware, (ii) Toshiba America Electronic Components, Inc., of California and (iii) Toshiba American Information Systems, Inc., of Virginia. The latter entity was added by amendment to the complaint allowed in April 1991.

**3.** The NEC defendants are (i) NEC America, Inc., (ii) NEC Technologies, Inc., and (iii) NEC Electronics, Inc.

■ But this principle, applied in some contexts, may raise significant public policy concerns. Patents may be declared invalid at the district court level for a variety of reasons, at least some of which the parties should not be permitted to sweep under a concealing settlement rug. Consider, for example, a patent infringement suit where defendant contests both infringement and validity on a variety of grounds. After extensive discovery, briefing and oral argument, summary judgment is granted holding the patent invalid on incontestable proof of (i) fraud on the patent office in procuring the patent or (ii) prior public sale of the patented device. On appeal, the parties decide to settle the case because they conclude that they can jointly profit from exploiting the patent and concealing the facts that led to the invalidity finding. Thus, the parties advise the Federal Circuit that their dispute has been settled and they jointly request vacation of the district court's invalidity ruling as moot. After finding that the settlement moots the parties' controversy, the Federal Circuit, pursuant to its standard procedures, vacates the lower court's finding of invalidity without reviewing the merits. The result of such a scenario may be that an invalid patent, indeed perhaps one that was fraudulently obtained, is foisted off on the public and left to distort the market. This result is indisputably inimical to the patent and antitrust laws. *See generally Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 174, 86 S.Ct. 347, 348–49, 15 L.Ed.2d 247 (1965) (efforts to enforce a fraudulently procured patent may provide the basis for an antitrust claim under section 2 of the Sherman Act).

■ There is, to be sure, no evidence that the parties here colluded in the manner or for the purposes set forth in the hypothetical example described above. Yet that potential exists when the reason for mootness on appeal is a settlement.[4] It is the parties' agreement that raises and enhances the risk of mischief. The same concern is absent where an appellate determination on infringement renders a previous invalidity finding moot, for in that event, the parties remain adverse.[5]

In any event, the Court is now satisfied that this case does not present the concerns described here and hence, as directed by Judge Clevenger's January 13, 1992 Order,

**4.** In at least one decision, the Federal Circuit signaled an awareness that mootness on appeal, followed by vacation of a district court's invalidity finding, may result in the perpetuation of an invalid patent. *See Kinzenbaw v. Deere & Co.,* 741 F.2d 383 (Fed.Cir.1984), *cert. denied,* 470 U.S. 1004, 105 S.Ct. 1357, 84 L.Ed.2d 379 (1985). The apparent antidote to this is the unstated assumption that the patent, if truly invalid, will be successfully attacked by the next entity against whom it is enforced. This assumption overlooks the deterrent or *in terrorem* effect that the mere existence of a patent may have as well as the possibility that a putative attacker or infringer may conclude that the demanded royalty is cheaper than the costs of litigation. The assumption also discounts the waste of judicial resources resulting from having two trial courts consider the same validity issue. Worth noting too, is that the *Kinzenbaw* opinion does not disclose the basis for the district court's invalidity finding. Thus, it is unclear whether the Federal Circuit had in mind the specific concern expressed here. Arguably, there is, for example, more potential for mischief when a settlement leads to the vacation of an invalidity finding based on fraud than when a settlement results in the vacation of an invalidity finding based on obviousness.

**5.** This apparently occurs not infrequently. *See Winner Intern. Corp. v. Wolo Mfg. Corp.,* 905 F.2d 375 (Fed.Cir.1990) (affirmance of district court's determination of non-infringement mooted the court's finding of invalidity and required its vacation); *Advance Transformer Co. v. Levinson,* 837 F.2d 1081 (Fed.Cir.1988) (same); *Vieau v. Japax, Inc.,* 823 F.2d 1510 (Fed.Cir.1987) (same). The Federal Circuit considers that a finding of non-infringement on appeal may eliminate the case or controversy requirement for the validity issue both at the appellate and trial levels and hence, the issue of validity is not properly before either court. While this may be so where there is a finding of non-infringement, the same result does not follow where the parties settle on appeal. In this event, the case or controversy requirement plainly exists at the district court level. This point, put in terms of the instant case, means that this Court was presented with a case or controversy on the validity of the '892 patent and it therefore had the power to adjudicate the validity on summary judgment. The parties' settlement on appeal, unlike an appellate finding of non-infringement, did nothing to undermine or eliminate this Court's power to adjudicate the validity issue.

the complaint, insofar as the '892 patent is at issue, is hereby DISMISSED as moot.