991 F.2d 808
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
GRID SYSTEMS CORP. and Tandy Corporation, Plaintiffs,
v.
TEXAS INSTRUMENTS, INC., Street Electronics, Corp., Best
Data Products, Inc. and Adaptec, Inc., Defendants-Appellees,
v.
INTEL CORPORATION, Subpoenaed Nonparty-Appellant.
 No. 93-1079.
 United States Court of Appeals, Federal Circuit.
 Feb. 10, 1993.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 RICH, Circuit Judge.
 
 ORDER
 
 1
 Intel Corporation (Intel) moves for vacatur of the October 9, 1992 order, as amended on October 19, 1992, of the United States District Court for the Northern District of California and for a remand to the district court to dismiss the case as moot. Texas Instruments et al. (TI) oppose vacatur and remand, but do not oppose voluntary dismissal of the appeal.
 
 
 2
 Grid Systems Corp. and Tandy Corporation (Tandy) were involved in patent litigation with TI. TI sought discovery from Intel, a nonparty, in an ancillary proceeding. The district court ordered Intel to produce discovery and Intel appealed (this case). Now, the parties to the main action have settled and that case has been voluntarily dismissed.
 
 
 3
 Both Intel and TI agree that the nonparty discovery action is moot. It is the general rule in this court to vacate a district court's order with instructions to dismiss when an action becomes moot while on appeal. See U.S. Philips Corp. v. Windmere Corp., 971 F.2d 728, 731 (Fed.Cir.1992); Smith Int'l, Inc. v. Hughes Tool Co., 839 F.2d 663, 664 (Fed.Cir.1988); Gibraltar Industries, Inc. v. United States, 726 F.2d 747, 749 (Fed.Cir.1984). We see no reason to depart from that practice.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Intel's motion for vacatur of the district court's discovery orders is granted. The case is remanded to the district court with instructions to dismiss the nonparty discovery action as moot.
 
 
 6
 (2) All side shall bear their own costs.