**MAPCO ALASKA PETROLEUM INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 550–89C.

United States Court of Federal Claims.

Dec. 7, 1993.

Allen B. Green, Washington, DC, for plaintiff; J. Keith Burt and W. Lin Patterson, of counsel.

Sheryl L. Floyd, with whom were Asst. Attys. Gen. Stuart M. Gerson and David M. Cohen, Washington, DC, for defendant; Howard M. Kaufer, of counsel.

## ORDER ON RECONSIDERATION

BRUGGINK, Judge.

Defendant's motion for reconsideration of the court's order of October 6, 1993, denying the government's motion to vacate the court's decision of December 22, 1992, 27 Fed.Cl. 405, was suspended pending the outcome of the petition for certiorari in *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, —— U.S. ——, 114 S.Ct. 425, 126 L.Ed.2d 396 (1993). The Supreme Court has now entered an order dismissing the writ of certiorari as improvidently granted for lack of standing. *Id.* The order of suspension is accordingly lifted.

The request for reconsideration is granted for the limited purpose of inserting the subsequent procedural history of *U.S. Philips Corp. v. Windmere Corp.*, 971 F.2d 728 (Fed. Cir.1992), and to correct the reference to *Nestle Co. v. Chester's Market, Inc.*, 756 F.2d 280 (2d Cir.1985). In all other respects, it is denied. The order of October 6, 1993, is therefor withdrawn. The following constitutes the court's ruling on defendant's motion to vacate.

*Order on Motion to Vacate*

Pending is defendant's motion to vacate of September 21, 1993. Plaintiff does not oppose the filing of the motion. For the following reasons, the court denies the motion.

On December 22, 1992, the court granted plaintiff's motion for summary judgment, thus resolving all liability issues. On the parties' representation that they could settle the question of quantum, the case was suspended. The parties negotiated more than quantum, however, and have now settled the

action entirely. *See* Joint Status Report, September 24, 1993. As part of the settlement, plaintiff agreed not to oppose defendant's request to vacate the opinion of December 22. The court's acquiescence in vacatur of the opinion was not made a necessary element of settlement, as it should not be. It would be inappropriate to put the court in the position of being a contributing party to a settlement.

At the time the liability determination was made, there was pending a case in controversy. After that decision, the controversy persisted "as to a number of questions, all of which [would] require litigation absent settlement by the parties." Motion to Vacate at 2–3.

Absent some res judicata or collateral estoppel effect not relevant here, the opinion of a trial court controls only the parties and only the matters litigated. It is not binding precedent in any other sense. To the extent it is of any persuasive force outside the litigation, the opinion is no better than the analysis and citations it contains. No compelling reason can exist, therefore, to withdraw the opinion. It cannot bar entry of dismissal on settlement here, and it will have no direct effect outside the case. There is a reason, however, not to vacate it. Although using the term precedent more broadly than the court does here, the Seventh Circuit's explanation of its routine refusal to vacate trial court opinions is relevant:

> When a clash between genuine adversaries produces a precedent . . ., the judicial system ought not to allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. The precedent, a public act of a public official, is not the parties' property.

*In re Memorial Hospital of Iowa County, Inc.,* 862 F.2d 1299, 1302 (7th Cir.1988). To similar effect are *In re United States,* 927 F.2d 626, 627 (D.C.Cir.1991) ("We do not believe that vacatur is appropriate . . . when a matter has been mooted after judgment only because the parties have entered into a settlement. . . ."), and *United States v. Garde,* 848 F.2d 1307, 1311 (D.C.Cir.1988) ("We do not wish to encourage litigants who are dissatisfied with the decision of the trial court 'to have them wiped from the books' by merely filing an appeal, then complying with the order or judgment below and petitioning for a vacatur of the adverse trial court decision." (quoting *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters,* 686 F.2d 720, 721 & n. 1 (9th Cir.1982))).

Cases such as *U.S. Philips Corp. v. Windmere Corp.,* 971 F.2d 728 (Fed.Cir.1992),[1] and *Swingline, Inc. v. I.B. Kleinert Rubber Co.,* 399 F.2d 283 (C.C.P.A.1968), cited by defendant, are distinguishable on the ground that they deal with patents. Rulings on claims involving patents are in relevant respects *sui generis* in terms of their effect on non-parties. *See* 5 Donald S. Chisum, Patents § 19.02[2] (1993).

*Federal Data Corp. v. SMS Data Products Group, Inc.,* 819 F.2d 277 (Fed.Cir.1987), and *Nestle Co. v. Chester's Market, Inc.,* 756 F.2d 280 (2d Cir.1985), are readily distinguishable as well. In both circumstances, the parties' settlements were conditional on vacatur. Refusal to go along with the vacatur would have meant continued litigation. In the present circumstances, the action must be dismissed regardless of whether the motion to vacate is granted. The parties have not conditioned settlement on vacatur.

Defendant also cites *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104,

---

1. A non-party to the appeal, Izumi Seimitsu Kogyo Kabushiki Kaisha ("Izumi"), sought to oppose the settlement agreed between U.S. Philips Corp. and Windmere Corp. The court held that Izumi did not have standing to oppose the joint motion to dismiss and vacate. *U.S. Philips,* 971 F.2d at 731. The Supreme Court granted Izumi's petition for a writ of certiorari sub nom *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.,* —— U.S. ——, 113 S.Ct. 1249, 122 L.Ed.2d 649 (1993), but later dismissed the writ as improvidently granted for want of standing. —— U.S. at ——, 114 S.Ct. at 425. The dissent urged a review of the merits and concluded that vacatur is inappropriate when mootness is "achieved by purchase. Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Id.* —— U.S. at ——, 114 S.Ct. at 431.

95 L.Ed. 36 (1950), in which the Court observed that

> [t]he established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss.

*Id.* at 39, 71 S.Ct. at 106. Contrary to defendant's suggestion, that decision is not "particularly appropriate· here." *Munsingwear* did not involve a proceeding which had become moot due to the voluntary action of the parties. Rather, it had become moot due to what the Court refers to as "happenstance." *Id.* at 40, 71 S.Ct. at 107. In order to keep the decree from having binding effect between the parties, who might want subsequently to relitigate the same question, the court vacated the decision below. This distinction was made clear in *Karcher v. May,* 484 U.S. 72, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987), where the Court declined to vacate a decision made moot by action of the unsuccessful party: "The controversy did not become moot due to circumstances unattributable to any of the parties. The controversy ended when the losing party—the New Jersey legislature—declined to pursue its appeal. Accordingly, the *Munsingwear* procedure is inapplicable to this case." *Id.,* 484 U.S. at 83, 108 S.Ct. at 391.[2]

In the final analysis, each court must, in the exercise of sound discretion, determine whether it will encourage vacatur of its opinions as a bargaining element in settlement negotiations. The result may vary depending on the circumstances or the views of the particular court. In the circumstances at bar, the court finds vacatur to be contrary to the public interest. In view of the prior complete settlement of all remaining issues, the Clerk is directed to dismiss the complaint. No costs.

2. The court notes that the plaintiff in this case does not oppose the motion. In *In re United States,* the prevailing party's joinder in the motion to vacate did not alter the court's decision to refuse vacatur. 927 F.2d at 628.