**The 1992 REPUBLICAN SENATE–HOUSE DINNER COMMITTEE, Plaintiff,**

v.

**CAROLINA'S PRIDE SEAFOOD, INC., et al., Defendants.**

**Civ. A. No. 92–1141.**

United States District Court, District of Columbia.

Nov. 8, 1994.

———

Jan Witold Baran, Wiley, Rein & Fielding, Washington, DC, for plaintiff.

David D. Frieshtat, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., Rockville, MD and

Bank of Trade, B. Michael Rauh, Manatt, Phelps, Philips & Kantor, Washington, DC, for defendants.

## ORDER

JOHN H. PRATT, District Judge.

Before the Court is plaintiff's unopposed motion, pursuant to Federal Rule of Civil Procedure 54(b), requesting the Court to vacate its July 28, 1994 opinion and order granting partial summary judgment for defendants. *See* 858 F.Supp. 243 (D.D.C.1994). Since that opinion, the parties have reached a settlement in the interim, and plaintiff seeks to vacate this unfavorable precedent. It should be noted that vacating the opinion was not a precondition to settlement. After consideration of the record, the Court will reward plaintiff for settling by granting the motion to vacate.

This Court has long supported settlement as a cost effective solution for both the parties and the judicial system. Despite this, it would be inappropriate for the Court to allow parties to vacate unfavorable decisions simply by reaching settlement.[1] A party with a deep pocket should not be able to eliminate precedent it dislikes simply by agreeing to a sufficiently lucrative settlement. "A policy permitting litigants to use the settlement process as a means of obtaining the withdrawal of unfavorable precedents is fraught with the potential for abuse." *Oklahoma Radio Assoc. v. F.D.I.C.*, 3 F.3d 1436, 1444 (10th Cir.1993); *but see Nestle Co. v. Chester's Mkt., Inc.*, 756 F.2d 280 (2d Cir.1985).

Our own Court of Appeals concurs with the position taken by the 10th Circuit. *In re United States of America*, 927 F.2d 626, 627 (D.C.Cir.1991). The Court stated:

When a clash between genuine adversaries produces a precedent, . . . the judicial system ought not allow the social value of that precedent, created at cost to the public and other litigants, to be a bargaining chip in the process of settlement. . . . [T]his is no less true where the prevailing party supports the motion to vacate.

*Id.* (citing *In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988)).

Despite this holding, the Court in its discretion believes vacatur is appropriate in this case. As noted previously, settlement has already been consummated and is not contingent on a favorable ruling. In addition, the partial summary judgment did not completely dispose of the case. Plaintiff may well have received a favorable judgment on the outstanding issue had the case proceeded. For these reasons, and to reward the parties for settlement, we grant plaintiff's motion and vacate our previous opinion.

It is, this 8th day of November, 1994, hereby

ORDERED that plaintiff's motion to vacate the Court's July 28, 1994 opinion and order is granted; and it is

ORDERED that the Court's July 28, 1994 opinion and order, 858 F.Supp. 243, is vacated; and it is

ORDERED that this case is dismissed with prejudice.

---

1. The settlement of a case is different from the situation where the case becomes moot by happenstance during the appeal of a case. In such situations, vacatur is the appropriate action. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).