42 F.3d 1409
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
UNIVERSAL FROZEN FOODS CO., Plaintiff-Appellee,
v.
LAMB-WESTON, INC., Defendant-Appellant.
 No. 94-1115.
 United States Court of Appeals, Federal Circuit.
 Nov. 16, 1994.
 
 Before PLAGER, Circuit Judge.
 ON MOTION
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 Lamb-Weston Inc. moves to vacate the September 22, 1993 judgment of the United States District Court for the District of Idaho and to remand with instructions to the district court to dismiss Universal Frozen Food Co's complaint with prejudice. Universal Frozen Foods has not filed a response.
 
 
 2
 Lamb-Weston states that on August 1, 1994, Lamb-Weston merged with Universal Frozen Foods into the company of "Lamb-Weston, Inc." and that Universal Frozen Foods "ceased to exist as a legal entity." Lamb-Weston informs us that under the terms of the purchase agreement, Lamb-Weston's parent company assumed certain rights, liabilities and obligations of Universal Frozen Foods including the instant appeal. Lamb-Weston argues that this appeal is now moot because there are no longer any adverse parties and no case or controversy as required by Article III. Lamb-Weston requests that this court vacate the district court judgment and remand with instructions to the district court to dismiss the case with prejudice. See Smith Intern., Inc. v. Hughes Tool Co., 839 F.2d 663, 664 (Fed.Cir.1988); U.S. Philips Corp. v. Windmere Corp., 971 F.2d 728, 731 (Fed.Cir.1992).
 
 
 3
 This matter appears to be moot. Under this court's precedent, when a case becomes moot during the pendency of an appeal, "it is the duty of the appellate court to set aside the decree below and remand with directions to dismiss." Smith, 839 F.2d at 664. See also Duke Power Co. v. Greenwood County, 299 U.S. 259, 267 (1936); United States v. Munsingwear, Inc., 340 U.S. 36, 39-41 (1950).
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Lamb-Weston's motion to vacate the judgment of the district court is granted.
 
 
 6
 (2) The case is remanded to the district court with instructions to dismiss the complaint with prejudice.